Filed 3/11/25  P. v. Cervantes CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B332390 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. MA082752-01 |
| v. | |
| ROSEMARY CERVANTES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Alice Newman and Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Rosemary Cervantes, convicted of two driving under the influence charges with associated enhancements, appeals her sentence, contending the trial court should have imposed only one sentence enhancement.  We affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

While driving on March 1, 2022, Cervantes attempted to pass other vehicles on the right by driving on the dirt shoulder of a road.  She accelerated on the shoulder and lost control of her car, colliding head on with a car with two occupants, Heraceli and Jenny Meza.  The Mezas were hospitalized for multiple days due to their injuries.  Heraceli Meza suffered multiple broken bones and internal damage, and she required two surgeries to repair her leg and ankle.  She was initially unable to walk and used a wheelchair and walker for months.  Jenny Meza sustained a back injury that confined her to bed for three months.

When speaking with the police, Cervantes admitted she had been speeding and claimed she lost control of her car when she swerved onto the shoulder to avoid a car approaching rapidly behind her.  Cervantes told police she had consumed two beers before she drove her car.  She had bloodshot eyes, her breath smelled of alcohol, and she spoke quickly with slurred speech.  Various field sobriety tests suggested Cervantes was intoxicated, and a portable preliminary alcohol screening device measured her blood alcohol levels at .114 percent and .107 percent.  Later breathalyzer tests measured her blood alcohol content at .11 percent.

When arrested, Cervantes became angry.  The arresting officer told her to put her palms together as if she were praying, and she refused.  The officer demonstrated how to arrange her hands, and she responded, "I just fucking told you I'm not fucking

2

doing that cause you fucker told me to fucking do that.  Did I just say that I'm going to fucking do it?"  She continued, "Fuck that, no."

Cervantes was charged with one count of driving under the influence of an alcoholic beverage causing injury (Veh. Code, § 23153, subd. (a)), and one count of driving with a .08 percent blood alcohol content causing injury (*id.*, subd. (b)), both with multiple enhancement allegations.

At trial, Cervantes testified that before she drove her car, she ate a meal at a bar and then consumed two beers, taking 20 to 25 minutes to drink each one.  She partially consumed a third drink and left the bar with her cousins 15 to 20 minutes after she stopped drinking.  After her cousins drove her to her car, approximately 10 minutes away, she began to drive home.

Cervantes testified she was driving 50 to 55 miles per hour when a car ahead of her slowed suddenly.  To avoid colliding with that car and to get out of the way of a car approaching rapidly behind her, she moved over to the dirt shoulder on the side of the road.  She passed the car that had been in front of her, and then moved back into the traffic lane.  As she moved back into the traffic lane and accelerated, she lost control of her car and hit the Mezas' car.

Cervantes was convicted on both counts, and the jury found true the allegations that she had caused bodily injury to more than one person (Veh. Code, § 23558) and personally inflicted great bodily injury on each victim (Pen. Code,[1] § 12022.7, subd. (a)).  Before sentencing, Cervantes submitted a brief in which, inter alia, she argued section 1385 created a presumption

---

[1]     Undesignated statutory references are to the Penal Code.

3

in favor of dismissing enhancements and directed courts to give "great weight" to certain factors when deciding whether to dismiss enhancements. She argued the pertinent mitigating factor in this case was that multiple enhancements were alleged, and only one should be applied. Cervantes urged the court to sentence her to 16 months for violating Vehicle Code section 23153, subdivision (a) plus one concurrent three-year sentence enhancement for inflicting great bodily injury (§ 12022.7, subd. (a)).

Cervantes's attorney declined to argue at the sentencing hearing. The prosecutor initially requested the midterm sentence of five years in state prison, but the court interrupted to point out that pursuant to section 1170, subdivision (b), it was obligated to impose the low term on account of Cervantes's youth unless it found aggravating circumstances outweighed the mitigating circumstances such that imposition of the lower term would be contrary to the interests of justice. The court said that given Cervantes's age and absence of prior criminal history, it felt obligated to impose the low term, but it noted it was "not bound to strike one or both of the [great bodily injury] allegations. Case law is clear, when you have multiple victims, those allegations go to each of those victims. It's proper to impose them, but quite frankly, I don't think that I can legally get to five years. So I just want to point that out before you make your full pitch." The prosecutor then revised her request and requested imposition of the low term sentence of 16 months, plus one three-year enhancement under section 12022.7, subdivision (a) and one additional year pursuant to Vehicle Code section 23558.

The court denied probation, observing Cervantes was statutorily ineligible for probation unless the court were to find

4

this was an unusual case in which justice would be served by granting probation. "And given the facts of this case and the defendant's conduct, not only during the commission of the offense, but also afterwards, there's no way that the court would make that finding in this case. [¶] I . . . was the trial judge who saw the evidence. The characterization of Miss Cervantes as being completely cooperative and acknowledging her wrongdoing I think is belied by the body camera video in this case. But, as I said, the facts alone don't justify that."

The court continued, "The defendant will be sentenced to the low term of 16 months in the state prison. I do believe that that is required by the newly amended Penal Code section 1170[, subdivision (b)] given the defendant's age. Pursuant to Penal Code section 12022.7[,] subdivision (a), she's ordered to serve an additional three years in the state prison. Pursuant to Vehicle Code section 23558, she's ordered to serve a consecutive one-year term for the additional victim. [¶] The three-year sentence that is required for the section 12022.7[,] subdivision (a) allegation, the sentence will be stricken under Penal Code section 1385, which allows for the striking of the sentence as opposed to the enhancement itself. The jury, having found the enhancement true, both enhancements will remain, but it is the sentence that will be stayed. That will be a total of five years four months in the state prison." The court imposed the same sentence on the second count but stayed it pursuant to section 654. Cervantes appeals.

## DISCUSSION

Effective January 1, 2022, Senate Bill No. 81 (Stats. 2021, ch. 721, § 1) amended section 1385 to add subdivision (c), which lists mitigating factors a court must consider when deciding

5

whether to strike an enhancement from a defendant's sentence in the interest of justice.  Section 1385, subdivision (c) states: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the [enumerated] mitigating circumstances . . . are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(1), (2).)  Among these mitigating circumstances is, "Multiple enhancements are alleged in a single case.  In this instance, all enhancements beyond a single enhancement shall be dismissed."  (*Id.*, subd. (c)(2)(B).)

On appeal, Cervantes alleges the trial court abused its discretion at sentencing by failing to consider and afford the required "great weight" to the mitigating factor that multiple sentence enhancements were alleged in this case.  " 'A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citation], or bases its decision on express or implied factual findings that are not supported by substantial evidence.' "  (*People v. Whitmill* (2022) 86 Cal.App.5th 1138, 1147.)

Specifically, Cervantes complains the trial court did not address her request in her sentencing brief that all but one enhancement be dismissed pursuant to section 1385, subd. (c)(2)(B), nor did it reference that factor in mitigation when imposing sentence and make an express finding that dismissal of

6

the additional enhancements would endanger public safety. From this, she reasons that the court (1) did not consider and afford great weight to this mitigating circumstance and (2) either misunderstood or was not aware of its discretion "under the newly amended statute" to dismiss all but one enhancement.

This argument ignores the long-settled rule that "in light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, we cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of that discretion." (*People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527 (*Gutierrez*).) Absent an "affirmative[ ] demonstrat[ion] that the trial court was unaware of or misunderstood the scope of its sentencing discretion" (*People v. Coleman* (2024) 98 Cal.App.5th 709, 724 (*Coleman*)), we presume the court " ' "acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377.)

Cervantes has not affirmatively demonstrated the trial court was unaware of or misunderstood the scope of its sentencing discretion. Although she relies on the fact that the court neither mentioned the mitigating factor nor directly addressed her request to dismiss all but one enhancement in her sentencing brief, " '[t]he trial court is not required to state reasons for declining to exercise its discretion under section 1385' [citations], and 'is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary.' " (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637.) Moreover, Cervantes did not object that the trial court failed to make an

7

express finding that dismissal of the enhancements would endanger public safety or otherwise call the trial court's attention to what she now characterizes as error, and there is no indication she did not have an opportunity to do so. (*People v. Scott* (2015) 61 Cal.4th 363, 406 [" 'A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial.' "])

Cervantes characterizes section 1385 as "newly amended" at the time of the sentencing hearing, but she was sentenced well over a year after the amendment's effective date. (§ 1385, subd. (c)(7)). We assume the trial court was aware of and followed applicable law (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114), particularly since Cervantes's trial counsel cited section 1385 and this mitigating factor in her sentencing brief and the court stated at sentencing it had reviewed her brief. Cervantes's citation to a silent record is insufficient to meet her burden to demonstrate an abuse of discretion. (*Coleman, supra,* 98 Cal.App.5th at p. 725.)[2]

---

[2] In her reply brief, Cervantes also contends resentencing is required because the trial court did not have the guidance of the California Supreme Court's later decision in *People v. Walker* (2024) 16 Cal.5th 1024, in which the Supreme Court rejected, as inconsistent with the statutory language, the argument that section 1385, subdivision (c)(2) imposes a rebuttable presumption obligating the trial court to dismiss an enhancement when an enumerated mitigating circumstance applies unless the court finds the dismissal of the enhancement would endanger public safety. Cervantes has not demonstrated that *Walker* alters the nature of the trial court's analysis here such that remand would be required; moreover, it did not change the rule that we do not

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, P. J.

We concur:

WILEY, J.

VIRAMONTES, J.

---

presume error from a silent record.  (*Gutierrez, supra,*
174 Cal.App.4th at p. 527.)